IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-1164

NICK PEARCE, an individual

Plaintiff

v.

COLLECTIVE PROPERTIES – MISSISSIPPI, LLC, a Colorado limited liability company

Defendant

---

**STIPULATION FOR RESOLUTION AND DISMISSAL**

---

This Stipulation for Resolution and Dismissal (the "**Stipulation**") is entered into by **Nick O. Pearce**, individually ("**Plaintiff**") and **Collective Properties - Mississippi LLC**, a Colorado limited liability company ("**Collective Properties**" or "**Defendant**").

A lawsuit (the "**Lawsuit**") was initiated by a Complaint (the "**Complaint**") being filed in the U.S. District Court for the District of Colorado on behalf of Plaintiff, alleging violations of the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 and the Colorado Disability Anti-Discrimination Act, C.R.S. § 24-34-401, *et seq.* ("**CADA**"). The Complaint alleges that Defendant discriminated against Plaintiff and other members of the public who are similarly situated, by denying access to, and full, safe, and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Retail Shopping Center located at 4085 E. Mississippi Ave., Denver, CO 80246 (the "**Facility**").

The Facility is owned by Defendant.

1

Plaintiff and Defendant desire to settle this matter and agree to the following Stipulation. Any releases by the parties set forth herein shall become effective upon payment of the Settlement Amount (defined in paragraph 1 below).

NOW, THEREFORE, in consideration of the premises and the mutual benefits to be derived by the parties to this Stipulation, it is hereby agreed as follows:

1. <u>Settlement Payment:</u> Defendant agrees to pay ▮▮▮▮▮▮▮▮▮▮ in exchange for the releases of liability and other consideration set forth in this Stipulation (such amount being referred to in this Stipulation as the "**Settlement Amount**"). Payment of the Settlement Amount to Plaintiff's counsel by Defendant shall constitute the entire amount of monetary consideration provided under this Stipulation and Plaintiff agrees he will not seek any further compensation for any other claimed damages, costs, litigation expenses or attorney fees in connection with the matters encompassed in this Stipulation.

2. <u>Timing of Settlement Payment:</u> Within fourteen (14) days of approval of this Stipulation by the Court, Defendant shall pay the Settlement Amount directly to Ferraro Law Firm, PLLC as the sole payee and on behalf of Plaintiff and the payment shall be mailed to 834-F S. Perry Street #1334, Castle Rock, CO 80104. Defendant shall issue a 1099 to Ferraro Law Firm, PLLC and not the Plaintiff.

3. <u>No Assignment of Claims:</u> Plaintiff hereby warrants that he has not assigned any claim, cause of action or complaint he has or may have against Defendant to any other person or entity and that Plaintiff is the sole owner of the claims being released herein.

4. <u>Requested Repairs to the Facility.</u> In the Complaint, Plaintiff has alleged that Defendant is legally required under the ADA and CADA to make certain repairs and modifications

---

[1] Settlement amount is redacted.

2

to the Facility that are listed on Exhibit A (the "**Requested Repairs**"). Defendant has denied any legal obligation to perform the Requested Repairs because, among other things, the Requested Repairs are not readily achievable, that performing the Requested Repairs would impose an undue hardship on the Defendant and that the Requested Repairs are structurally impracticable. *See* 42 U.S.C. § 12182(b)(2)(iii)-(iv); 42 U.S.C § 12111(10)(A)-(B); 29 C.F.R. § 1630.2(p).

5. Agreed Upon Repairs. In order to resolve this Litigation, and without admitting any legal liability or assuming any legal duty to do so, Defendant agrees to perform the repairs that are specifically listed on Exhibit B attached hereto (the "**Agreed Upon Repairs**"). Defendant agrees to make the Agreed Upon Repairs within twelve (12) months of executing this Stipulation. Defendant further agrees that these repairs to the Facility shall constitute the entire amount of non-monetary relief provided to Plaintiff under this Stipulation and that Plaintiff will not seek any additional relief of any kind in connection with the matters encompassed in this Stipulation.

6. Repairs Not Readily Achievable. The Parties hereby stipulate and agree that all of the Requested Repairs, except those listed on Exhibit B, are not readily achievable and are structurally impracticable given the condition, topography and layout of the Facility. The Parties further stipulate and agree that if Defendant were required to perform all of the Requested Repairs, except those listed on Exhibit B, it would impose an undue hardship on the Defendant within the meaning of 42 U.S.C § 12111(10)(A)-(B).

7. Confirmation of Completion: Upon completion of the Agreed Upon Repairs, Defendant shall provide to Plaintiff's counsel photographs documenting such completed work.

8. Denial of Liability: This Stipulation is not an admission by Defendant of any wrongdoing or violations of the ADA, the CADA or any other law or regulation and that the Agreed Upon Repairs are only being made to resolve this Litigation.

9. <u>Plaintiff's Release</u>: Upon payment of the Settlement Amount, and except for the obligations in this Stipulation, Plaintiff, on behalf of himself and all affiliates, agents, representatives, successors and assigns (the "**Pearce Parties**") hereby irrevocably and unconditionally remises, releases, acquits, satisfies, indemnifies, holds harmless, and forever discharges Defendant Collective Properties its insurers, assigns, successors, agents, servants, employees, officers, directors, elected officials, heirs, administrators, executors, representatives, members, managers, tenants, occupants, affiliates, contractors, and attorneys, and all persons acting by, through, under, or in concert with any of them, or any of them individually (the "**Released Parties**"), from any and all charges, complaints, claims, liabilities, obligations, promises, stipulations, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debt, and expenses (including attorneys' fees and legal expenses), of any nature whatsoever, whether known or unknown, which the Pearce Parties now have, have had, or may hereinafter claim to have had, or may hereafter have in the future against the Released Parties related to (i) this Stipulation, (ii) the claims that were raised or that could have been raised in the Litigation, (iii) the Facility and (iv) any and all claims related in any manner to alleged violations of the ADA, 42 U.S.C. §12181 *et seq*. and 28 C.F.R. § 36.302 and the Colorado Disability Anti-Discrimination Act, C.R.S. § 24-34-401, *et seq*.

10. <u>Non-Disclosure:</u> The Pearce Parties shall not, after the date of this Stipulation, directly or indirectly disclose to third parties any information concerning this Stipulation or the condition of the Facility, or any matter related thereto, without the prior written consent of all of Defendant; provided, however, the Plaintiff shall be permitted to disclose information regarding this Stipulation to its lawyer, or tax or financial planners, or as may be required by law or in any future litigation in order to enforce the terms hereof. Plaintiff acknowledges that the obligation

of the Pearce Parties in this paragraph is a material obligation and that Defendant would not have entered into this Stipulation without it. Defendant agrees it shall not, after the date of this Stipulation, disclose to third parties the information concerning this Stipulation that is not in the public domain without the prior written consent of Plaintiff; provided however, the Defendant shall be permitted to disclose information regarding this Stipulation to its (a) attorneys (b) tax or financial planners (c) contractors or other constructional professionals (d) tenants (e) managers (f) owners, members or similar representatives of Defendant, or (g) as may be required by law or in any future litigation in order to enforce the terms hereof.

11. <u>Severability</u>: Should any provision of this Stipulation be declared or be determined by any Court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms, or provisions shall not be affected thereby and shall remain in full force and effect.

12. <u>Binding Effect/Service of Process</u>: In the event of a dispute between the parties concerning this Stipulation, the dispute shall be resolved by the United States District Court for the District of Colorado, Denver Division, which shall have exclusive subject matter jurisdiction. Defendant hereby appoints Ferraro Law Firm, PLLC as his agent for service of process for any pleading, complaint, motion, order, judgment, or notice, which shall cause such document(s) to be serviced in accordance with Federal Rules of Civil Procedure, including without limitation, F.R.C.P. 4 and 45.

13. <u>Voluntary Acknowledgement</u>: Plaintiff represents that he has reviewed all aspects of this Stipulation, that he has carefully read and fully understands all provisions of this Stipulation, that he voluntarily and knowingly agrees to all the terms set forth in this Stipulation; that he was advised to consider the terms of this Stipulation and to discuss them with his legal counsel; and

that the terms of this Stipulation were determined through negotiation between counsel for Plaintiff and Defendant. Plaintiff hereby confirms that he has read and understands this document, that he discussed its terms and meaning with his attorney, that no one has made any representations or promises to him except as may be stated herein, and that he executes this document as his own free act and deed.

14. <u>Entire Agreement</u>: This Stipulation constitutes the entire agreement between Plaintiff and Defendant, and no other statement, representation, inducement, promise, or Stipulation, either written or oral, made by either party or agents of either party, not contained in this Stipulation, shall be enforceable.

15. <u>Counterparts:</u> The parties agree that this Stipulation and any and all other documents in connection with the settlement of this matter may be executed in counterparts, and in facsimile or email form, which shall be deemed the equivalent of an original, each of which shall be deemed an original but all of which taken together shall constitute but one and the same instrument.

16. <u>Authority:</u> Each party represents that each person executing this Stipulation on its behalf has been authorized to sign on behalf of the respective party and to bind it to the terms of this Stipulation.

IN WITNESS WHEREOF, the parties have entered into this Stipulation made and effective as of the date hereinabove first written.

[SIGNATURE PAGES TO FOLLOW]

[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

Dated: _____

                                                    NICK PEARCE

Dated: _____

                                                    FERRARO LAW FIRM

By: _____
    Dean Ferraro
    *Attorneys for Plaintiff*

Dated: 5/10/2023

By: _____
    Authorized Member/Manager
    Printed name: Andrew S. Miller
    Collective Properties – Mississippi LLC

Dated: 5/25/2023

                                                    HATCH RAY OLSEN CONANT LLC

By: _____
    Brian T. Ray
    *Attorneys for Defendant Collective Properties – Mississippi LLC*

7

Dated: 5-24-23       [signature]
                     NICK PEARCE

Dated: 5/24/2023     FERRARO LAW FIRM

                     By: [signature] Dean C Ferraro
                     Dean Ferraro
                     *Attorneys for Plaintiff*

Dated: _____   By:_____
                     Authorized Member/Manager
                     Printed name: Andrew S. Miller
                     Collective Properties – Mississippi LLC

Dated: _____   HATCH RAY OLSEN CONANT LLC

                     By:_____
                     Brian T. Ray
                     *Attorneys for Defendant Collective Properties – Mississippi LLC*

## Exhibit A
## ("Requested Repairs")

Collective Properties agrees to make repairs and modifications to the Facility to correct the following non-compliant issues pursuant to the ADA:

1. Alter the Facility to make the Facility readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

2. Provide van-accessible parking in compliance with the applicable ADAAG;

3. Provide van-accessible parking identified as such with upright "Van Accessible" signage in compliance with the applicable ADAAG;

4. Provide visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible, in compliance with the applicable ADAAG;

5. Alter or repair the designated accessible parking space of the parking facility so that it is safe and level in all directions;

6. Alter or repair the designated accessible aisle of the parking facility so that it is safe and level in all directions;

7. Alter or repair the accessible route along the storefront curb to include parking stops so that the accessible route is not obstructed by parked vehicles overhanging the accessible route;

8. Provide an accessible route connecting the public sidewalk serving the subject facility and any accessible entrance(s);

9. Alter or repair the designated accessible route that has excessive cross slopes and unpermitted changes in level present;

10. Alter or repair the ramps to the accessible entrance (the only means of access to wheelchair users) to have runs that do NOT exceed the maximum slope requirement (8.33%) in compliance with the applicable ADAAG;

11. Alter or repair the ramps to the accessible entrance to include a level top landing; Alter the access aisle to the Pizza Hut Restaurant so that it is not too narrow in violation of the applicable ADAAG;

12. Properly maintain the accessible features of the facility to meet and maintain the requirements of the law;

8

## Exhibit B
## ("Agreed Upon Repairs")

1. Provide van-accessible parking in compliance with the applicable ADAAG;

2. Provide van-accessible parking identified as such with upright "Van Accessible" signage in compliance with the applicable ADAAG;

3. Provide visible upright signage (displaying the International Symbol of Accessibility) designating parking spaces as accessible, in compliance with the applicable ADAAG; and

4. Alter or repair the accessible route along the storefront curb to include parking stops so that the accessible route is not obstructed by parked vehicles overhanging the accessible route.

5. Paint white stripes in the parking lot to designate an accessible route through the parking lot in a location to be determined in Defendant's discretion.